IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SPACETIME3D, INC., <br> *Plaintiff* <br><br> -vs- <br><br> APPLE INC., <br> *Defendant* | § § § § § § § § § | 6-22-CV-00149-ADA |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Apple Inc.'s ("Apple") Motion to Dismiss Plaintiff SpaceTime3D, Inc.'s ("SpaceTime") indirect infringement and willful infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 24 (the "Motion"). After careful consideration of the briefs and applicable law, the Court is of the opinion that Apple's Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.  BACKGROUND

On February 10, 2022, SpaceTime sued Apple by alleging infringement of three patents: U.S. Patent Nos. 8,881,048 (the "'048 Patent"), 9,304,654 (the "'654 Patent"), and 9,696,868 (the "'868 Patent") (collectively "the Asserted Patents"). *See* ECF No. 1 ¶¶ 16–19 (the "Complaint"). The Asserted Patents are alleged to cover "improvements to then-existing computer graphical user interfaces ('GUIs'), by providing an interactive computing interface and sorting interface comprising information from real-time and static sources." *Id.* ¶ 21. SpaceTime alleges that Apple both indirectly and willfully infringed the Asserted Patents. *Id.* ¶¶ 57, 82, 109, 135.

Notwithstanding the Complaint, Apple requested that SpaceTime dismiss its willfulness and inducement claims without prejudice, provided that Plaintiff would have the opportunity to take discovery to support the claims at the appropriate time. ECF No. 24. at 2. SpaceTime refused to agree to dismiss its entire willful and indirect claims without prejudice, but SpaceTime did agree to

1

dismiss its pre-suit willful and indirect claims without prejudice "under terms consistent with Section VII of the April 14, 2022 Standing Order Governing Proceedings (OGP) 4.1 – Patent Cases." ECF No. 28 at 5. Apple filed its Motion to dismiss it on April 21, 2022. ECF No. 24. Apple's Motion seeks to dismiss SpaceTime's indirect and willful infringement claims for the Asserted Patents. *Id.* at 3–11. Since the parties agree to dismiss SpaceTime's pre-suit claims for indirect and willful infringement, the remaining portion of the Motion that the Court will address is the post-suit claims for willful and indirect infringement. The Motion is now ripe for judgment.

## II. LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed

2

"specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

### III.   ANALYSIS

Since the parties jointly agree that SpaceTime's pre-suit indirect and willful claims should be dismissed without prejudice, the Court will now analyze whether SpaceTime has sufficiently pleaded post-suit indirect and willful infringement.

### A. Post-Suit Willful Infringement

Apple insists that SpaceTime must allege "facts making it plausible that Apple engaged in the type of egregious conduct required to support a willfulness claim." ECF No. 24 at 7. This Court does not require such a showing at the pleading stage. The Federal Circuit has clarified that "under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323 (Fed. Cir. 2021). Instead, "egregiousness" is something for the court to consider in exercising its discretion to enhance damages after the jury finds willfulness. *See SRI Int'l, Inc*, 14 F.4th at 1329–30 ("To eliminate the confusion created by our reference to the language 'wanton, malicious, and bad-faith' in *Halo*, we clarify that it was not our intent to create a heightened requirement for willful infringement. Indeed, that sentence from Halo refers to 'conduct warranting enhanced damages,' not conduct warranting a finding of willfulness.").

As for Apple's argument that SpaceTime failed to allege that Apple "was aware of any of the asserted patents, let alone that Apple knew or should have known that its conduct amounted to infringement of those patents," the Court disagrees. ECF No. 24 at 4. Instead, the Court finds, when viewing the allegations in a light most favorable to SpaceTime, that the filing of the Complaint establishes the notice required for a plausible inference of willfulness. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 778 (W.D. Tex. 2022) ("Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy

all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim."). Apple's motion to dismiss SpaceTime's post-suit willful infringement claims is therefore denied.

### B. Post-Suit Indirect Infringement

Just as with willful infringement, Apple insists that SpaceTime "has not plausibly alleged that Apple had pre-suit knowledge of the asserted patents, let alone had an intent to infringe those patents." ECF No. 24 at 9. Specifically, Apple is again arguing pre-suit knowledge of the asserted patents is a requirement of an indirect infringement claim. *See id.* As it did in *BillJCo*, the Court rejects this argument and finds that Apple's arguments that require pleading pre-suit knowledge for post-suit indirect infringement claims unpersuasive. *See* 583 F. Supp. 3d at 779 ("Apple argues that '[p]re-suit knowledge of the asserted patents is a requirement of an indirect infringement claim.' . . . . This Court rejects this proposition in the induced infringement context as it did elsewhere.").

Apple then argues that SpaceTime has not adequately pleaded indirect infringement because "a claim for induced infringement requires, among other things, factual allegations that the defendant 'knowingly induced a third-party to infringe the patent [and] had specific intent to induce the patent infringement.'" ECF No. 24 at 9 (citing *Affinity Labs of Tex. LLC v. Toyota Motor N. Am., Inc.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014)). Apple contends that SpaceTime's "inducement claims for each Count boil down generically to reciting the legal standard." *Id.* at 10. Apple quotes SpaceTime's Complaint at paragraph 79 which states the following:

> Apple took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes claims of the '048 patent. Such steps by Apple include but is not limited to advising and directing customers and/or end users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; and/or distributing instructions that guide end users to use the Accused Products in an infringing manner.

*Id.* (quoting Complaint ¶ 79). Apple contends that this paragraph contains no facts making plausible that Apple knew the actions of its end-user customers would infringe the asserted patents. *Id.* Apple further argues that SpaceTime "does not make any factual allegation that Apple induced end users to use the Accused Products in an infringing manner." *Id.* Specifically, Apple argues that SpaceTime's reliance "on generic recitations of 'advising and directing' and 'advertising and promoting' the use of the Accused Products" is insufficient." *Id.*

In response, SpaceTime argues that Apple's assertions in its Motion "ignor[e] numerous allegations in the Complaint that sets forth exactly what Apple says is missing." ECF No. 28 at 11. Specifically, Spacetime asserts that Apple "overlooks" Paragraph 52 of SpaceTime's Complaint, which alleges that "Apple provides instructions on how users can use the three-dimensional viewer for both open webpages (in Safari) and open applications for the Accused Products" and includes screenshots of and a citation to "Apple's iPhone User Guide" that contains such instructions on navigating between multiple open webpages in Safari. *Id.* at 12 (citing Complaint ¶ 52). Similarly, SpaceTime points to Paragraph 54, which alleges that "on its support website, Apple instructs users of iPhones, iPads, and iPod touch how to 'quickly switch from one app to another'" and provides a screenshot and a citation to the exact webpage where Apple provides such instructions teaching infringing uses. *Id.* Likewise, SpaceTime points to Paragraph 55. *Id.* According to SpaceTime, it is these factual allegations that further distinguish SpaceTime's Complaint from the "generalized allegations" found insufficient in the cases cited by Apple. *Id.*

In reply, Apple contends that in order to plead intent, SpaceTime "relies solely on documents created before Apple allegedly had knowledge of the asserted patents from the Complaint." ECF No. 29 at 10. Thus, Apple argues that it "cannot have had the requisite intent to induce infringement before it even knew about the asserted patents." *Id.* In support of this argument, Apple cites a Central District of California decision and a Federal Circuit decision from 1998. *See*

*id.* (citing *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998)).

In *Insituform*, the Federal Circuit reversed a district court's finding of induced infringement because liability could not be predicated upon acts that occurred prior to defendant having notice of the patent. 161 F.3d at 695. *Insituform*, however, was not decided at the motion to dismiss stage. *See id.* Unlike in *Insituform*, this Court is not tasked with deciding the merits of SpaceTime's claim of induced infringement. Instead, this Court is tasked with deciding whether SpaceTime plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, SpaceTime has pleaded in several places in its Complaint sufficient factual content that allows this Court to draw the reasonable inference that Apple knowingly induced a third-party to infringe the patent and had specific intent to induce the patent infringement. *See, e.g.*, Complaint ¶¶ 52, 54, 55. That the screenshots SpaceTime relies on were made a few days before SpaceTime filed its Complaint is of no moment at the motion to dismiss stage. *See, e.g., id.* ¶ 52 & Fig. 7 (citing https://support.apple.com/guide/iphone/use-tabs-in-safari-iph3028ebf68/15.0/ios/15.0 (accessed Feb. 9, 2022)). Based on this factual content that SpaceTime pleaded in its Complaint, the Court finds that it is reasonable to make an inference that Apple still induces its customers to infringe in the manner that SpaceTime alleges in its Complaint.

Accordingly, the Court finds that SpaceTime has sufficiently plead indirect infringement. Apple's Motion to dismiss SpaceTime's post-suit indirect infringement claims are therefore denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Apple's Motion to dismiss SpaceTime's post-suit indirect and willful infringement claims. Given that the parties agree that SpaceTime's pre-suit willful and indirect infringement claims should be dismissed without prejudice, the Court **GRANTS**

Apple's Motion as to those claims. However, SpaceTime is allowed to amend its Complaint and re-plead pre-suit indirect and willful infringement claims if it is able to elicit sufficient facts during fact discovery to support such allegations.

    SIGNED this 10th day of November, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE